UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -v- | 10-CR-954-1 (JPO) |
| NAQUAN HORNE, | ORDER |
| Defendant. | |

J. PAUL OETKEN, District Judge:

On April 6, 2020, this Court received a letter motion from Defendant Naquan Horne. (Dkt. No. 163.) Horne asserts that his conviction under 18 U.S.C. § 922(g) is invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because he did not know that he "fell into one of the categories" of people "to whom the offense applies." (Dkt. No. 163.) The Government filed its response to Defendant's letter motion on April 23, 2020. (Dkt. No. 165.)

Horne pleaded guilty to and was convicted of conspiracy to commit Hobbs Act robbery and Hobbs Act robbery under 18 U.S.C. § 1951, as well as unlawfully possessing a firearm after being convicted of a crime punishable by imprisonment for a term exceeding one year under 18 U.S.C. § 922(g). (*See* Dkt. No. 80.) He was ultimately sentenced to 188 months' imprisonment. (*Id.*) Horne filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on April 15, 2016. (Dkt. No. 126.) Approximately one year later, he sought to withdraw his motion without prejudice. (Dkt. No. 145.) Horne's § 2255 motion, however, was found to be meritless and dismissed with prejudice. (Dkt. No. 148.)

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive § 2255 motion must be certified by the appropriate court of appeals in order to be filed in district court. *See, e.g.*, *Liriano v. United States*, 95 F.3d 119, 121–22 (2d Cir. 1996). Determining whether a filing counts as a "second or successive motion" depends on whether the filing "raises claims concerning the same

1

conviction to which [a defendant's] prior § 2255 motion was addressed." *Id.* at 122 (citation omitted).  "[A]n initial petition will 'count' where it has been adjudicated on the merits or dismissed with prejudice." *Thai v. United States*, 391 F.3d 491, 494 (2d Cir. 2004).  As a result, this Court finds Horne's most recent motion to be successive for purposes of § 2255.  The Court dismissed Horne's first motion concerning the same conviction with prejudice after finding that it lacked merit in light of the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).  (Dkt. No. 148.)

The question remaining for this Court, then, is whether Horne's most recent letter should properly be construed as a request for leave to file a second § 2255 motion.  The Court finds that it should be so construed.  Horne's letter "may be construed as a motion for relief under 28 U.S.C. § 2255 because he seeks to challenge the legality of his conviction and sentence." *Starkes v. United States*, No. 20 Civ. 265, 2020 WL 230944, at *1 (S.D.N.Y. Jan. 15, 2020).  Given that a motion under § 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence," *Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001), Horne's letter challenging his conviction under § 922(g) in light of *Rehaif* squarely qualifies.  Moreover, given that Horne has already sought relief under § 2255, "a subsequent motion or petition . . . may be recharacterized as an application for leave to file a successive motion because such an action would not preclude any other options the movant might have." 28 Moore's Federal Practice § 672.03 (3d ed. 2020).

**CONCLUSION**

For the foregoing reasons, this Court hereby transfers Defendant Horne's motion to the

United States Court of Appeals for the Second Circuit.  *See* 28 U.S.C. § 1631.

The Government is directed to mail a copy of this order to Defendant, and file proof of

service on the docket.

As Defendant makes no substantial showing of a denial of constitutional right, a

certificate of appealability will not issue.  *See* U.S.C. § 2253.

SO ORDERED.

Dated: July 27, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

3