UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
UNITED STATES OF AMERICA

              -v-                                      10-CR-954 (JPO)

NAQUAN HORNE,                                    ORDER
                         Defendant.
———————————————————————

J. PAUL OETKEN, District Judge:

      Defendant Naquan Horne is serving a 188-month prison sentence, imposed by Judge Katherine B. Forrest in 2012, for Hobbs Act robbery and felon-in-possession offenses to which he pleaded guilty. His current projected release date is December 21, 2024. Proceeding *pro se*, Defendant has filed a motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), citing the risks created by the COVID-19 pandemic in the prison setting. The Court has reviewed the parties' written submissions on Defendant's motion, which the Government has opposed. (Dkt. Nos. 168-69.)

**I.    Legal Standards**

    **A.    Sentence Reduction Under the First Step Act**

      "A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). The First Step Act of 2018 provides that a district court "may reduce [a defendant's] term of imprisonment . . . , after considering the factors set forth in [18 U.S.C.] section 3553(a), . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

1

A Sentencing Guidelines policy statement, U.S.S.G. § 1B1.13, outlines circumstances that constitute "extraordinary and compelling reasons" justifying a sentence reduction, including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).

However, in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), the Second Circuit held that Guidelines § 1B1.13 — which has not been amended since enactment of the First Step Act — is not "applicable" to compassionate release motions brought by defendants under the statute.  976 F.3d at 236.  Thus, "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."  *Id.* at 237.  The court further explained:

> It bears remembering that compassionate release is a misnomer.  18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions.  A district court could, for instance, reduce but not eliminate a defendant's prison sentence, or end the term of imprisonment but impose a significant term of probation or supervised release in its place.  Beyond this, a district court's discretion in this area — as in all sentencing matters — is broad.  The only statutory limit on what a court may consider to be extraordinary and compelling is that "[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason."

*Id.* at 237-38 (citations omitted; quoting 28 U.S.C. § 994(t) (emphasis added)).

### B.     Exhaustion

The First Step Act also contains an exhaustion requirement.  It allows a court to reduce a sentence "upon motion of the defendant" either "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

**II.     Discussion**

The Court agrees with the Government that the Court lacks statutory authority to grant Defendant's motion at the present time due to the statute's explicit exhaustion requirement.  As a legal matter, the Court finds persuasive the analyses on the mandatory nature of exhaustion in this context by Judge Furman in *United States v. Roberts*, No. 18 Cr. 528, 20 WL 1700032, at *2–*3 (S.D.N.Y. April 8, 2020), and Judge Sullivan in *United States v. Ogarro*, No. 18 Cr. 373, 20 WL 1876300, at *2–*5 (S.D.N.Y. April 14, 2020).

Defendant apparently has not exhausted his administrative remedies with the Bureau of Prisons.  He does not allege that he has submitted a request for compassionate release to the BOP.  Had he submitted such a request, this Court could consider Defendant's motion after 30 days.  However, absent such a request to the BOP, this Court lacks statutory authority to grant relief under § 3582(c)(1)(A).

**III.     Conclusion**

For the foregoing reasons, Defendant's motion for compassionate release is denied without prejudice to renewal in the future.

The Government is directed to serve a copy of this order on Defendant by mail.

The Clerk of Court is directed to close the motion at Docket No. 168.

SO ORDERED.

Dated: December 21, 2020
New York, New York

J. PAUL OETKEN
United States District Judge