UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| -v- | 10-CR-954 (JPO) |
| NAQUAN HORNE,<br>                          Defendant. | ORDER |

———————————————————————

J. PAUL OETKEN, District Judge:

Defendant Naquan Horne is serving a 188-month prison sentence, imposed by Judge Katherine B. Forrest in 2012, for Hobbs Act robbery and possession of a firearm as a felon, offenses to which he pleaded guilty. His current projected release date is January 31, 2025. Proceeding *pro se*, Defendant has filed two motions for a sentence reduction under 18 U.S.C. § 3582(c). (ECF Nos. 174, 175, 177.) The Government has filed oppositions to the motions. (ECF Nos. 176, 178.)

I.    **Legal Standards**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). Section 3582(c) of Title 18, as amended by the First Step Act of 2018, provides that a district court "may reduce [a defendant's] term of imprisonment . . . , after considering the factors set forth in [18 U.S.C.] section 3553(a) . . . , if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Before November 1, 2023, the Sentencing Commission had not issued guidance on "extraordinary and compelling" reasons applicable to compassionate release motions brought by defendants. Accordingly, the Second Circuit held in 2020 that "the First Step Act freed district

courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

Effective November 1, 2023, however, the Sentencing Commission amended the Guidelines to clarify what constitutes "extraordinary and compelling reasons" warranting a sentence reduction when a defendant brings such a motion. Judge Engelmayer has helpfully summarized the six circumstances described in the amended Section 1B1.13(b) of the Guidelines that, alone or in combination, may qualify as such reasons:

- *The medical circumstances of the defendant*. U.S.S.G. § 1B1.13(b)(1). In addition to previously recognized circumstances such as a defendant suffering from a terminal illness or a serious medical condition, *id*. §§ 1B1.13(b)(1)(A)-(B), the amended Guidelines direct courts to consider whether the defendant is "suffering from a medical condition that requires long-term or specialized medical care" that is not being provided in prison and without which the defendant is at risk of serious health deterioration or death, *id*. § 1B1.13(b)(1)(C), or is held at a facility affected by or at imminent risk of being affected by an infectious disease or other "ongoing public health emergency declared by the appropriate federal, state, or local authority," where "due to personal health risk factors and custodial status," the defendant is at a greater risk of severe complications upon exposure, and where "such risk cannot be adequately mitigated in a timely manner," *id*. § 1B1.13(b)(1)(D). This factor was informed by compassionate release decisions coming out of the COVID-19 pandemic. *See* U.S. Sent'g Comm'n, Guidelines Manual 2023: Supplement to Appendix C at 206 (November 1, 2023).

- *The age of the defendant*. Coupled with a deterioration in physical or mental health corresponding with the aging process as well as the portion of the original sentence served at the time of a compassionate release motion, this may support sentence reduction. U.S.S.G. § 1B1.13(b)(2).

- *Family circumstances of the defendant*. Where the defendant is the "only available caregiver" for an immediate family member, this may support a sentence reduction. *See id*. § 1B1.13(b)(3).

- *Victim of abuse in custody*. Where the defendant while in custody on the sentence in question was a victim of sexual abuse or physical abuse resulting in serious bodily injury "committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant," and the misconduct was "established by a conviction in

a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding," this may support sentence reduction. *Id*. § 1B1.13(b)(4).

- *Catch-all provision*.  Where a defendant presents "any other circumstances or [a] combination of circumstances" that themselves or with the above circumstances are similar in gravity to those situations listed above, they may support sentence reduction.  *Id*. § 1B1.13(b)(5).  The Commission "rejected a requirement that 'other reasons' be similar in nature and consequence to the specified reasons.  Rather, they need be similar only in gravity[.]" U.S. Sent'g Comm'n, Guidelines Manual 2023: Supplement to Appendix C at 207 ("[T]he Commission continues to believe . . . that judges are in a unique position to determine whether the circumstances warrant a reduction.  Guidance beyond that provided in the amended policy statement regarding what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts[.]" (cleaned up)).

- *Changes in law*.  Where a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.  U.S.S.G. § 1B1.13(b)(6).

*United States v. Corbett*, No. 10-CR-184 (PAE), 2023 WL 8073638, at *3-4 (S.D.N.Y. Nov. 21, 2023).

Even if a court finds extraordinary and compelling reasons, before granting a sentence reduction, the court must also conclude that a sentence reduction is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

**II.   Discussion**

Defendant seeks early release from his term of imprisonment on a number of grounds.[1] First, he contends that he has worked to improve himself while incarcerated through employment and taking classes.  These actions are commendable.  However, they do not constitute

---

[1] Defendant has satisfied the exhaustion requirement by first requesting a sentence reduction from the warden.  *See* 18 U.S.C. § 3582(c)(1)(A).

3

extraordinary and compelling reasons for a sentence reduction.  *See Brooker*, 976 F.3d at 237-38 ("[R]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason." (quoting 28 U.S.C. § 994(t))); *Corbett*, 2023 WL 8073638, at *7; U.S.S.G. § 1B1.13(d). Moreover, Defendant has incurred disciplinary infractions in 2017, 2018, and 2020.

Second, Defendant asks the Court to reconsider his sentence in light of the Second Circuit's decision in *United States v. Chappelle*, 41 F.4th 102 (2d Cir. 2022), which held that Hobbs Act robbery was not a "crime of violence" under U.S.S.G. § 4B1.2(a), the career offender provision of the Sentencing Guidelines.  This does not help Defendant, however, because the Guidelines have been amended, effective November 1, 2023, to clarify that Hobbs Act robbery is a crime of violence under § 4B1.2(a).  Thus, Defendant would be considered a career offender under the current version of the Sentencing Guidelines, rendering U.S.S.G. § 1B1.13(b)(6) inapplicable.

For the same reason, the recent amendments to the Sentencing Guidelines would not alter the criminal history category (VI) applicable to Defendant at the time of his sentencing.

The Court concludes that Defendant has not established extraordinary and compelling reasons warranting a sentence reduction.

### III. Conclusion

For the foregoing reasons, Defendant's motions for a sentence reduction (ECF Nos. 174 and 177) are denied.

The Government is directed to mail a copy of this order to Defendant.

The Clerk of Court is directed to close the motions at ECF Numbers 174 and 177.

SO ORDERED.

Dated: December 5, 2023
       New York, New York

_____
J. PAUL OETKEN
United States District Judge